**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| TOMMY WILLIAMS, individually and as surviving partner of Gloria Williams, Plaintiff, | ) ) ) ) | |
| v. | ) | No. 08-0116-CV-W-FJG |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Defendant. | ) ) ) ) ) | |

# ORDER

Pending before the Court is Defendant's Motion for Summary Judgment (Doc. No. 15).

## I. Introduction

Defendant requests summary judgment be entered in its favor because plaintiff's claims are barred by the doctrine of *res judicata*.

## II. Facts[1]

Plaintiff Tommy Williams' ("Williams") alleges that he suffered damage because of a fire loss that took place on October 22, 2000 and November 2, 2000 to property located at 6016 Troost Ave., Kansas City, Missouri. Williams alleges that American Family insured this property, and American Family has failed to indemnify Williams for the loss.

On June 23, 2001, Plaintiff Williams filed a Petition for Damages in the Circuit Court

---

[1]In his response brief, plaintiff has provided a supplemental statement of uncontroverted facts. However, for the reasons stated in defendant's reply brief, most of those "facts" are either (1) irrelevant and immaterial; (2) unsupported by appropriate documents; or (3) supported by an affidavit of plaintiff's counsel not based on personal knowledge. Further, many of the arguments made by plaintiff would have been better presented on appeal of the previous lawsuit(s) to the state of Missouri.

1

of Jackson County, Missouri against Defendant American Family Mutual Insurance Company, Case No. 01-CV-214467 (the "2001 Petition"). In Count I of the 2001 Petition, Williams alleged that American Family breached a policy of insurance, policy no. 24XD7021-01, by failing to return property, which was damaged by fire, to a condition as before the fire or pay the value of the property. In Count II of the 2001 Petition, Williams alleged that certain agents of Defendant American Family breached a fiduciary duty owed to Williams by failing to advise Williams that he must disclose on his application for insurance the fact that he had filed for bankruptcy even though such bankruptcy was dismissed without discharge, and for failing to accurately report such information to American Family. Williams alleged that American Family was liable for the agent's actions. On May 16, 2003, the Court entered its Dismissal of the 2001 Petition.

On January 22, 2004, Plaintiff Williams filed a Petition for Damages in the Circuit Court of Jackson County, Missouri against Defendant American Family Mutual Insurance Company, Case No. 04CV201733 (the "2004 Petition"). The 2004 Petition was identical to the 2001 Petition except the caption listed the Estate of Gloria Williams as a plaintiff and added the allegation that Plaintiff Gloria Williams died following the loss. In the 2004 case, the named plaintiffs were Tommy Williams and the Estate of Gloria Williams. American Family was the sole defendant in the 2004 case. On July 19, 2005, the Jackson County Circuit Court entered summary judgment in favor of Defendant American Family in the 2004 case. Williams attempted to appeal the grant of summary judgment. However, the Court of Appeals for the Western District of Missouri dismissed the appeal on December 10, 2007. On April 12, 2007, the Court of Appeals for the Western District of Missouri issued its Mandate dismissing Williams' appeal of Case No. 04CV201733 for lack of jurisdiction.

Williams filed the present Complaint in the United States District Court for the Western District of Missouri on February 19, 2008 (the "2008 Complaint"). Tommy Williams

is the only plaintiff named in the 2008 Complaint; however, he is identified as being a plaintiff individually and as surviving partner of Gloria Williams.[2] American Family is the sole defendant named in the 2008 Complaint. In Count I of the 2008 Complaint, Williams alleges that American Family breached a policy of insurance, policy no. 24XD7021-01, by failing to return property, which was damaged by fire, to a condition as before the fire or pay the value of the property. In Count II of the 2008 Complaint, Williams alleges that certain agents of Defendant American Family breached a fiduciary duty owed to Williams by failing to advise Williams that he must disclose on his application for insurance the fact that he had filed for bankruptcy even though such bankruptcy was dismissed without discharge, and for failing to accurately report such information to American Family. Williams alleged that American Family was liable for the agent's actions. Counts I and II of the 2008 Complaint are nearly identical to Counts I and II of Williams' 2001 and 2004 Petitions. In Count III of the 2008 Complaint, Williams alleges that American Family breached a contractual obligation to Williams because American Family has refused to enter into an appraisal process to determine the amount of damage suffered by Williams because of the October 22, 2000 and November 2, 2000 fires.

### III.    Standard

Summary judgment is appropriate if the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). The facts and inferences are viewed in the light most favorable to the nonmoving party. Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-590 (1986). The moving party must carry the burden of establishing both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Matsushita,

---

[2]Plaintiff attempts to controvert paragraph 14, stating that the party to the current lawsuit is a partnership, not an individual. As will be seen below, this is a distinction that makes no difference to the outcome of the pending motion.

3

475 U.S. at 586-90.

Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence, must set forth facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Lower Brule Sioux Tribe v. South Dakota, 104 F.3d 1017, 1021 (8th Cir. 1997). To determine whether the disputed facts are material, courts analyze the evidence in the context of the legal issues involved. Lower Brule, 104 F.3d at 1021. Thus, the mere existence of factual disputes between the parties is insufficient to avoid summary judgment. Id. Rather, "the disputes must be outcome determinative under prevailing law." Id. (citations omitted).

Furthermore, to establish that a factual dispute is genuine and sufficient to warrant trial, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the facts." Matsushita, 475 U.S. at 586. Demanding more than a metaphysical doubt respects the appropriate role of the summary judgment procedure: "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex, 477 U.S. at 327.

**IV.     Analysis**

Defendants argue that the doctrine of *res judicata* bars plaintiff from re-litigating the claims made in his complaint. Under Missouri law, which applies to this diversity case, *res judicata* bars a second suit involving the same parties or their privies when there has been a previous judgment on the merits. Anderson v. Waddle, 474 F.Supp.2d 1116, 1117-18 (E.D. Mo. 2007). *Res judicata* bars all claims that were raised or that could have been raised in the prior litigation. Id. at 1118. *Res judicata* applies to preclude a second or subsequent lawsuit when: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based upon proper jurisdiction; (3) both suits involved the same causes

of action; and (4) both suits involved the same parties or their privies." Id. at 1118.

With respect to having a final judgment on the merits, defendant argues that the 2004 Jackson County judgment operates as a final judgment on the merits.[3] Defendant notes that in the 2004 case, the court granted summary judgment, which operates as a judgment on the merits. See Consumers Oil Co. v. Spiking, 717 S.W.2d 245, 250 (Mo. App. 1986). This judgment became final when the appeal was dismissed for lack of jurisdiction. Plaintiff states in his response, however, that there has never been a decision on the merits, arguing that the Missouri courts incorrectly granted summary judgment instead of ordering that certain parties be added to the lawsuit. However, the Court agrees with defendant that if plaintiff disagreed with the state court's ruling granting summary judgment, the appropriate course of action would have been to timely pursue an appeal of the state court judgment. Plaintiff's appeal was untimely, and was dismissed. The Court finds that the summary judgment granted in the state court case operates as a final judgment on the merits, one that this Court will not disturb.[4] Defendant has met the first criteria for a finding of *res judicata.*

As to the element of proper jurisdiction, defendant notes that the 2004 case was based upon proper jurisdiction in the Jackson Count Circuit Court. Plaintiff does not contest this factor. The Court finds that this element has been met.

With respect to the identify of the causes of action, defendant states that the 2004 Jackson County case and the present case involve the same claims based upon the same insurance policy. Defendant notes that the "test of a 'claim' under both the Federal and the

---

[3]Defendant notes that the 2001 dismissal might also operate as a judgment on the merits; however, for the purposes of this motion, defendant only addresses the *res judicata* effect of the 2004 judgment.

[4]As noted by defendant, the Rooker-Feldman doctrine provides that lower federal courts generally do not have jurisdiction over challenges to state court judgments. See Lemonds v. St. Louis County, 222 F.3d 488, 492 (8th Cir. 2000).

5

Missouri Rules of Civil Procedure is whether the claims arose out of the same act, contract or transaction." Andes v. Paden, Welch, Martin & Albano, P.C., 897 S.W.2d 19, 23 (Mo. App. 1995). Here, Counts I and II of both the 2004 petition and the current complaint allege the exact same claims.[5] Although Count III of the current complaint was not raised in the 2004 petition, defendant states that the grant of summary judgment in the 2004 petition operates as an bar to Count III as well. Count III of the current complaint seeks to enforce an appraisal provision of the insurance policy in order to set the amount of plaintiff's loss. However, defendant argues that as the state court has already determined that plaintiff is not entitled to recover under the insurance policy, it would be unnecessary to have an appraisal for a loss for which there is no coverage. Plaintiff states in his response that "the new issue of the appraisal process . . . was not raised in any prior litigation." Plaintiff does not provide any further argument or legal support for the proposition that Count III of the current complaint is so different from the claims raised in the previous petitions that it should not be barred by *res judicata*. The Court finds in favor of defendant on this issue; there would be no reason to order an appraisal for a loss for which there is no coverage. Further, as *res judicata* bars not only claims that were raised in the previous litigation but also claims that could have been raised in the previous litigation, see Anderson v. Waddle, 474 F.Supp.2d at 1118, plaintiff's claims in Count III ought to be barred. Thus, defendant has met the third criteria for a finding of *res judicata*.

Finally, with respect to the fourth element, defendant notes that plaintiff Tommy Williams was the plaintiff in both the 2004 case and the current matter.[6] Defendant also notes that it was the defendant in the 2004 case and the current case. Thus, defendant

---

[5]These claims are: Count I - breach of insurance policy; Count II - breach of fiduciary duty of defendant's agents.

[6]In the 2004 case, both Tommy Williams and the Estate of Gloria Williams were both plaintiffs; in the current matter, Tommy Williams is identified in the caption of the complaint as plaintiff individually and as surviving partner of Gloria Williams.

argues there is identity of the parties in the actions. Plaintiff argues in response that the party in the current lawsuit is a partnership, and responds that the identity of plaintiff in the current suit "is totally different as the partnership was never a party to the prior litigation." However, as noted by defendant, under Missouri law, a partnership is not a legal entity and it cannot sue or be sued. Sarasohn & Co., Inc. v. Prestige Hotels Corp., 945 S.W.2d 13, 16 (Mo. App. 1997). Instead, the members of a partnership must be joined as plaintiffs in an action. McClain v. Buechner, 776 S.W.2d 481, 482 (Mo. App. 1989). As the alleged partnership is not a proper party to this action, the only proper plaintiff to this action is Tommy Williams, who was also a plaintiff in the 2004 case. Accordingly, there is no question that there is identity of the parties to the actions, and the fourth element of *res judicata* is met.

Thus, for all the above reasons, defendant is entitled to summary judgment based on the doctrine of *res judicata*.

## V. Conclusions

For the foregoing reasons, defendant's motion for summary judgment (Doc. No. 15) is **GRANTED IN FULL**. This case is **DISMISSED WITH PREJUDICE**. All other pending motions are **DENIED AS MOOT.**

**IT IS SO ORDERED.**

**/S/FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated: 8/19/08
Kansas City, Missouri